the ground or in some other practicable way, to give warning of the approach of the train. No material error is perceived in the instructions as modified and given by the court, and the court is of opinion that the evidence supports the finding of the jury. Opinion PER CURIAM. Judge below, ELLIOTT ANTHONY. Attorneys, for appellant, Messrs. WILLARD & DRIGGS; for appellee, Mr. MORTON CULVER and Mr. SIMON P. DOUTHART. Opinion filed Jan. 6, 1886.

No. 68—2182. Daniel H. Tolman v. Charles W. Requa. This was a suit in assumpsit, brought by Daniel H. Tolman against Charles W. Requa, upon a contract of warranty. A trial was had before the court below without a jury, resulting in a finding and judgment for the defendant. No questions of law were raised at the trial, and the only ground upon which we are now asked to reverse the judgment is, that it is unsupported by the evidence. The guaranty in question is one indorsed upon a promissory note, executed by one Allen, payable to the order of the defendant. In addition to a plea of non-assumpsit, the defendant filed two special pleas, somewhat inartificially drawn, and apparently intended as pleas of fraud and circumvention in obtaining the execution of the note and guaranty. While it is very clear that the facts pleaded do not amount to fraud and circumvention in obtaining the execution of said instruments, the court is of opinion that they are sufficient to show fraud in the consideration as well as want of consideration, and that sufficient facts are stated to make such defenses available against an assignee of the note. The evidence is conflicting, and in some respects confused and uncertain, but the court is of opinion it tended to support the defenses made by the pleas, and warranted the court below in finding the issues for the defendant. Opinion PER CURIAM. Judge below, SIDNEY SMITH. Attorneys, for appellant, Mr. JOHN C. RICHBERG; for appellee, Messrs. LEAMING & THOMPSON. Opinion filed Jan. 6, 1886.

No. 73—2187. C. & N. W. Ry. Co. v. Mary A. Snyder, Adm'x, etc. This was an action on the case, brought by Mary A. Snyder, administratrix of the estate of John H. Snyder, deceased, against the Chicago & Northwestern Railway Company, and the Chicago, Milwaukee & St. Paul Railway Company, to recover damages for the death of the plaintiff's intestate, caused, as is alleged, by the negligence of a servant

of the defendants, who, at the time, was in their joint employment. It appears that the tracks of these two railway companies intersect and cross each other at Western avenue, in the city of Chicago, and that for the purpose of regulating, controlling and signaling trains about to pass over the crossing, and to determine the order in which they should cross, said companies had erected and were using a signal station near the crossing, said station being furnished with a semaphore to be used by day, and with lights of different colors to be displayed at night, as signals to approaching trains. At the time of the injury to the plaintiff's intestate, of which he died, one Henry E. Torrence had charge of said signal station. He seems to have been employed by the Chicago & Northwestern Railway Company at a fixed salary, which was paid him by the two companies, and his duties required him to signal and direct the movements of all the trains approaching the crossing on either railway. The deceased at the time was a conductor in the service of the Chicago and Northwestern Railway Company, and was in charge of and running a train belonging to that company. As he was approaching the crossing in the night time, through the negligence of Torrence in the use of the prescribed signals, as is alleged, a collision took place between the engine of his train and a train of the Chicago, Milwaukee and St. Paul Railway Company, by which he was killed. A trial was had in the court below before the court and a jury, resulting in a verdict and judgment in favor of the plaintiff for $5,000. The court is of opinion that the evidence sustains the verdict. Opinion PER CURIAM. Judge below, JOSEPH E. GARY. Attorneys, for appellant, Mr. B. C. COOK and Mr. W. B. KEEP; for appellee, Mr. MASON B. LOOMIS and Mr. LEWIS MUNSON. Opinion filed Jan. 6, 1886.

No. 2239. Daniel H. Horne v. John Walton. This was an action on the case for fraud and deceit, brought by appellee against appellant in the Circuit Court of Cook county, resulting in a verdict and judgment for appellee for $2,900. It appears that appellee had $2,000 deposited in the Illinois Trust and Savings Bank, and the evidence tended to show that he was induced by the representations of appellant to withdraw the money from the bank, and allow appellant to